1  FREUND & BRACKEY LLP
   Thomas A. Brackey II (SBN 162279)
2        *tbrackey@freundandbrackey.com*
   Joshua G. Zetlin (SBN 273086)
3        *jzetlin*@freundandbrackey.com
   427 North Camden Drive
4  Beverly Hills, CA 90210
   Tel: 310-247-2165
5  Fax: 310-247-2190

6  Attorneys for Petitioner,
        MARTIN KHODABAKHSHIAN

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 MARTIN KHODABAKHSHIAN, an individual, | Case No. |
| 11 | NOTICE OF MOTION AND MOTION FOR ORDER |
| 12 Petitioner, | CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF |
| 13 v. | JUDGMENT IN CONFORMITY THEREWITH; MEMORANDUM OF |
| 14 FILMWORKS ENTERTAINMENT, INC., a California corporation; and DOES 1 through 25, | POINTS AND AUTHORITIES; AND DECLARATION OF JOSHUA G. |
| 15 | ZETLIN IN SUPPORT THEREOF |
| 16 Respondent. | Date: Time: |
| 17 | Place: Judge: |
| 18 | |

19

20              **NOTICE OF MOTION AND MOTION**

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22       PLEASE TAKE NOTICE that on _____,

23  2016, at _____ a.m./p.m., or as soon as this matter may be heard, petitioner

24  MARTIN KHODABAKHSHIAN ("KHODABAKHSHIAN"), will move, and

25  hereby does move, the United States District Court, located in Courtroom ____ at

26  _____, Los Angeles, California for an Order that:

27

28
                                    1

1. Confirms the Stipulated Award in favor of KHODABAKHSHIAN and against Respondent FILMWORKS ENTERTAINMENT, INC. ("FILMWORKS"), American Arbitration Association Case No. 01-15-0002-4527, dated August 25, 2015 ("Stipulated Award"), in all respects;

2. Enters judgment in conformity therewith;

3. Awards such other and further relief as the Court deems just and proper.

This Motion is made pursuant to the Distribution Agreement by which KHODABAKHSHIAN obtained the Stipulated Award against Respondent and which expressly provides that the Stipulated Award may be confirmed by the present Court.

This Court's jurisdiction arises under 18 U.S. Code § 1332, which grants the Court original jurisdiction over actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter is between citizens of different states.

Venue is proper in the Central District of California because the Distribution Agreement lists this Court as the appropriate Court to entertain this Motion.

Pursuant to Local Rule 7-3, on August 12, 2016, Khodabakhshian sent FilmWorks a meet and confer letter via electronic mail to *hmeier@filmworksent.com* and first class mail at FilmWorks's address of record, 39252 Winchester Road, Suite 107-227, Murrieta, CA 92563 to discuss the current motion, as well as potential resolution of this matter. KHODABAKHSHIAN did not receive a response. (Zetlin Decl. ¶ 23).

///
///
///

This motion is based upon this Notice of Motion and Motion as well as the attached Memorandum of Points and Authorities, Declaration of Joshua G. Zetlin, all pleadings and papers on file, and upon such further oral or documentary evidence that may be presented at the time of hearing.

Dated: August 23, 2016

Respectfully Submitted,

FREUND & BRACKEY LLP

By: _/ Joshua G. Zetlin /_
Thomas A. Brackey II,
Joshua G. Zetlin
Attorneys for Petitioner,
MARTIN KHODABAKHSHIAN

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner MARTIN KHODABAKHSHIAN ("Khodabakhshian"), by and through his attorneys, Freund & Brackey LLP, respectfully submits the following Memorandum of Points and Authorities in support of his Motion to Confirm an arbitration award and enter a corresponding judgment.

## I. STATEMENT OF FACTS

A. The Parties And Underlying Dispute.

Petitioner Khodabakhshian is an esteemed television producer, having earned multiple Emmy Awards in recognition of his professional accomplishments. (Zetlin Decl. ¶ 3). Amongst his numerous works, Khodabakhshian produced and directed a documentary motion picture entitled "Breathe", which depicts a world-renowned free-diver's attempts to break the free-diving world record (the "Film"). (*Id.*).

On or about June 27, 2012, Khodabakhshian entered into a Distribution Agreement (the "Contract") with Respondent FILMWORKS ENTERTAINMENT, INC. ("FilmWorks"), an international distributor of narrative and documentary motion pictures, to license the Film to FilmWorks for distribution. (*Id.* ¶ 4).

Pursuant to the terms of the Contract, Filmworks, after recouping its actual distribution costs and retaining a distribution fee, would remit the balance of gross receipts from exploitation of the Picture to Khodabakhshian. (*Id.* ¶ 5). Section 10 of the Contract required FilmWorks to "make and deliver to Producer reports relating to the exploitation of the [Film] setting forth statements of all Gross Receipts, Distribution expenses and Distribution Fees in connection with the exploitation of the [Film]." (*Id.*). Additionally, Section 16 of the Contract provided "The prevailing party in any arbitration shall be entitled to receive its reasonable outside attorneys fees and costs." (*Id.*).

KHODABAKHSHIAN complied with the Contract by fully delivering the Film to FilmWorks. (*Id.* ¶ 6). FilmWorks then proceeded to exploit the Film in

numerous media channels, including a lucrative license granted to Red Bull and high profile broadcast on the National Geographic channel. (*Id.*). Despite this exploitation and FilmWorks's acknowledgement of significant royalties owed to Khodabakhshian, FilmWorks refused to pay Khodabakhshian amounts rightfully due under the Contract. (*Id.* ¶¶ 6 - 8). Thereafter, FilmWorks ceased delivering to Khodabakhshian the quarterly accounting statements required under the Contract. (*Id.* ¶ 9). Accordingly, in or about September 30, 2014, KHODABAKHSHIAN sent a formal notice of breach to FilmWorks. However, FilmWorks failed to cure the breaches asserted therein. (*Id.* ¶ 10).

B. <u>Khodabakhshian Obtains Stipulated Arbitration Award Against FilmWorks.</u>

On or about January 13, 2015, pursuant to Section 16(a) of the Contract, Khodabakhshian filed a Demand For Arbitration with the American Arbitration Association, for Breach of Contract; And Demand For Accounting (Case No. 01-15-0002-4527) (the "Demand"). Khodabakhshian served the Demand on FilmWorks the following day. (*Id.* ¶¶ 11, 12).

On March 26, 2015, Lawrence P. Mortorff was selected to preside over the arbitration ("Arbitrator"). (*Id.* ¶ 13). After the parties exchanged disclosures and engaged in several telephonic conferences, the decisive arbitration hearing was scheduled to occur August 18, 2015. (*Id.* ¶ 14). The Parties canceled the hearing upon reaching a negotiated settlement and entered into a written settlement agreement on August 5, 2015 (the "Settlement Agreement"). (*Id.* ¶¶ 15, 16). The Settlement Agreement memorialized that FilmWorks would pay Khodabakhshian in monthly installments pursuant to a payment plan and that a stipulated arbitration award would be filed with the AAA. (*Id.* ¶ 17). Furthermore, Khodabakhshian agreed to hold such stipulated award in abeyance and only seek to confirm it in court in the even that FilmWorks breached the Settlement Agreement. (*Id.*).

Pursuant to the Settlement Agreement, on August 25, 2015, the Arbitrator issued a stipulated award, in favor of Khodabakhshian and against FilmWorks (the "Stipulated Award"), approving the Settlement Agreement and awarding One Hundred Thousand Dollars ($100,000), less any settlement payments made by FilmWorks under the Settlement Agreement, to Khodabakhshian. (*Id.* ¶ 18).

### C. KHODABAKHSHIAN Presently Seeks Confirmation Of The Stipulated Award And Entry Of Judgment In Conformity Therewith.

FilmWorks initially complied with its monthly payment obligations under the terms of the Settlement Agreement, but defaulted on a payment in February 2016. (*Id.* ¶ 19). On March 22, 2016, Khodabakhshian sent FilmWorks a notice of default for failure to make its February 2016 monthly payment ("Initial Notice Of Default"). (*Id.*). FilmWorks cured this initial default and continued making payments until May 2016. (*Id.*). However, FilmWorks failed to make its May 2016 monthly payment, eliciting another notice of default from Khodabakhshian on June 15, 2016 ("Second Notice Of Default"). (*Id.* ¶ 20). FilmWorks then failed to respond to the Second Notice Of Default and failed to make its June 2016 monthly payment. (*Id.*). In an overabundance of caution, Khodabakhshian sent FilmWorks another notice of default in regards to its failure to make both its May 2016 monthly payment and June 2016 monthly payment ("Third Notice of Default"). However, Khodabakhshian again received no response from FilmWorks and never received any further settlement payments. (*Id.* ¶ 21).

Up to this date, FilmWorks has paid a total of Ten Thousand Eight Hundred Eighty Dollars and Forty Five-Cents ($10,880.45) under the terms of the Settlement Agreement. Accordingly, the amount outstanding under Stipulated Award is Eighty Nine Thousand One Hundred Nineteen Dollars and Fifty-Five Cents ($89,119.55). (*Id.*).

Despite Khodabakhshian's repeated notices of default, FilmWorks remains in uncured default of its obligations under the Settlement Agreement. Accordingly, Khodabakhshian seeks an Order from this Court confirming the Stipulated Award and granting entry of a judgment for Eighty Nine Thousand One Hundred Nineteen Dollars and Fifty-Five Cents ($89,119.55), in conformity with the Stipulated Award. (*Id.* ¶ 22).

## II. ARGUMENT

A. <u>Jurisdiction.</u>

Section 9 of the Federal Arbitration Act ("FAA") states in pertinent portion that "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

Additionally, applicants that seek confirmation of an arbitration award under Section 9 of the FAA must establish an independent basis for subject matter jurisdiction, as Section 9 does not itself confer such jurisdiction. *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968 (9th Cir. Cal. 1981). One manner in which subject matter jurisdiction can be established its diversity of citizenship. 18 U.S. Code § 1332. Diversity of Citizenship exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the matter is between citizens of different states. *Id.*

This Court is the proper venue to hear this Motion because the Distribution Agreement provides in Section 16(a) that "the parties agree to the sole jurisdiction

of the state and federal courts located in Los Angeles, California to enter judgment upon any arbitration award..." Accordingly, the Central District of California is the appropriate Court to entertain this Motion. (Zetlin Decl., Exhibit A at ¶ 16.a.)

This Court also has independent subject matter jurisdiction over this case based upon diversity of citizenship because Khodabakhshian is a citizen of Orlando, Florida, while FilmWorks is a corporation duly organized and existing under the laws of the state of California and primarily operating out of Los Angeles County. (*Id.* ¶ 24).

Additionally, the amount in controversy exceeds $75,000.00 as the Stipulated Award is entered for $100,000.00. Therefore, this Court possesses the independent subject matter jurisdiction necessary to hear this dispute. (*Id.* ¶ 22).

B. <u>Standard of Review.</u>

Under the FAA, the review of an arbitration award is "both limited and highly deferential." *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009)(*Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)). A court **must** confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the FAA. *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. Wash. 2009)(Quoting *Hall St. Assocs., L.L.C., v. Mattel, Inc.*, 552 U.S. 576 (2008))(Internal Quotations Omitted)(Emphasis added); *See also* 9 U.S.C. § 10(a).

Pursuant to Sections 10 and 11 of the FAA, an award must be confirmed unless: 1) "the award was procured by corruption, fraud or undue means;" 2) there was "evident partiality or corruption in the arbitrator..." 3) the arbitrator was "guilty of...misbehavior by which the rights of any party have been prejudiced," 4) the arbitrator "exceeded [its] powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made," 5) the arbitrator made an evident material miscalculation or material mistake in

8

MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

*Freund & Brackey LLP*
*427 North Camden Drive*
*Beverly Hills, CA 90210*

description, 6) the arbitrator decided upon a matter not submitted to him, or 7) the award is "imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. §§ 10(a), 11.

The grounds set forth in Sections 10 and 11 of the FAA for vacating or modifying an arbitration award are exclusive. *Hall St. Assocs., L.L.C.,* 552 U.S. at 584. Even "erroneous legal conclusions" or "unsubstantiated factual findings" do not justify federal review of the merits of an arbitral award. *Bosack,* 586 F.3d at 1102; *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 640 - 641 (9th Cir. Nev. 2010) (quoting *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007).

Instead, the inquiry is limited to whether the arbitrator acted within its authority. 9 U.S.C. § 10(a)(4). An arbitrator exceeds its authority only "when the award is completely irrational, or exhibits a manifest disregard of law." *United States Life Ins. Co. v. Superior Nat'l Ins. Co.,* 591 F.3d 1167, 1177 (9th Cir. Cal. 2010)(Internal Quotations and Citations Omitted). However, "An arbitrator does not exceed its authority if the decision is a 'plausible interpretation' of the arbitration contract." *Id.*(quoting *Employers Ins. of Wausau v. National Union Fire Ins. Co.,* 933 F.2d 1481, 1486 (9th Cir. Cal. 1991)). In such, the Court "must defer to the arbitrator's decision 'as long as the arbitrator . . . even arguably constru[ed] or appl[ied] the contract.'" *Id.* (Quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (U.S. 1987)).

C. <u>The Stipulated Award Should Be Confirmed Because The Arbitrator Did Not Exceed His Authority In Issuing the Stipulated Award.</u>

The Court should confirm the Stipulated Award because, under the "limited and highly deferential" review afforded by the FAA, the Arbitrator did not exceed his authority in issuing the Stipulated Award. *See Comedy Club, Inc.*, 553 F.3d at 1288. The Stipulated Award is a "mutual, final and definite award" that is firmly grounded upon the Settlement Agreement and proposed Stipulated Award that was

jointly submitted to the Arbitrator by Khodabakhshian and FilmWorks. (*Id.* ¶ 25). This is not an instance where the award is "completely irrational" because the Arbitrator based his decision upon a mutual agreement of the parties, which was in large part on the actual damages suffered by Khodabakhshian. (*Id.* ¶ 26). Moreover, the Stipulated Award does not "exhibit a manifest disregard of law", as the award resulted from a joint agreement between the parties rather than any finding of law by the Arbitrator. (*Id.* ¶ 27). In such, there are no independent legal conclusions for the Court to find erroneous or unsubstantiated. In sum, the Court should defer to the Arbitrator's decision as the Arbitrator did not exceed his authority.

> D. <u>The Stipulated Award Should Be Confirmed Because There Are No Facts Indicating That Any Of The Remaining Exceptions In Sections 10 and 11 Of The FAA Apply.</u>

Beyond the fact that the Stipulated Award constituted part of a the mutually agreed upon Settlement Agreement, no facts support vacating or modifying the Stipulated Award based upon any of the remaining criteria under Section 10 and 11 of the FAA. (*Id.* ¶ 29). In sum, no facts indicate procurement of the Stipulated Award by corruption, fraud, or undue means, Arbitrator's partiality or corruption, arbitrator's misbehavior, arbitrator's material mistake, or that a decision was rendered upon materials not submitted to the Arbitrator. (*Id.*). Accordingly, the Court should confirm the Stipulated Award.

///
///
///

### III. CONCLUSION

For the foregoing reasons, Petitioner MARTIN KHODABAKHSHIAN requests that the Court confirm the Stipulated Award and enter judgment in conformity therewith.

Dated: August 23, 2016 　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　FREUND & BRACKEY LLP


By: _/ Joshua G. Zetlin /_
Thomas A. Brackey II,
Joshua G. Zetlin
Attorneys for Petitioner,
MARTIN KHODABAKHSHIAN